IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| DANNY FOSTER, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-CV-69-MHT-KFP |
| | ) | |
| WILLIAM GUILLOU, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff's Amended Complaint is before the Court.[1] Doc. 6. For the reasons discussed below, the Magistrate Judge RECOMMENDS that Plaintiff's Amended Complaint be DISMISSED prior to service under 28 U.S.C. § 1915(e)(2)(B)(i)–(ii).

## I.   INTRODUCTION

On February 3, 2022, Plaintiff, an inmate at Ventress Correctional Facility, filed a complaint based on § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics* against Defendants. *See* Doc. 1 at 20; 403 U.S. 388 (1971). The Court found Plaintiff's Complaint deficient and ordered him to file an amended complaint explaining that "any claims arising from actions that occurred before February [3], 2020, are barred by the two-year limitation[s period] applicable to . . . § 1983 claims." Doc. 4 at 1. Plaintiff filed objections to the Court's Order to amend his complaint and a supporting affidavit. Doc. 5; Doc. 5-1.

---

[1] Plaintiff also filed a Motion Proceed in Forma Pauperis ("IFP"). Doc. 2. The Court subsequently granted this motion. Doc. 3.

Plaintiff then filed an amended complaint. *See* Doc. 6 at 4. The Court liberally construes the documents filed with Defendant's objections as supplements to Plaintiff's Amended Complaint. In his supplement, Plaintiff alleges that when he was arrested on February 8, 2013, the "fugitive task force" said he had a fugitive warrant for first-degree escape. Doc. 5-1 at 1. Plaintiff further contends that, when he returned to Alabama, he wrote the circuit clerk "five times a month for ten years asking for a copy of the warrant because [he] was not served a copy when they picked [him] up." Doc. 5-1 at 1. Plaintiff adds that the clerk did not inform him until October 7, 2020 that "there never was a warrant for them to arrest [him] or ping [his] cell phone or to look through [his] truck and take [his] cloth[es] off [him] in public." Doc. 5-1 at 1.

Count 1 of Plaintiff's Amended Complaint states that on February 8, 2013, certain Defendants arrested him without a warrant or probable cause. Doc. 6 at 2–3. Plaintiff also alleges that these Defendants removed his clothes in public, searched his truck without permission, and refused to allow him to "talk to the new[s] media." Doc. 6 at 3.

In Count 2, Plaintiff alleges that certain Defendants pinged his cell phone without a warrant. Doc. 6 at 3. He adds that these Defendants then contacted other Defendants, including the Defendant who ordered his arrest. Doc. 6 at 3. In Count 3, Plaintiff claims that Defendants contacted a state prosecutor "to let her know [that Defendants] had . . . Plaintiff[.]" Doc. 6 at 3. Finally, Plaintiff alleges that the state prosecutor convinced a state judge to order "Plaintiff to start doing his time right away" and to take Plaintiff to Kilby Correctional Facility rather than the prison from which he escaped. Doc. 6 at 3. Plaintiff seeks damages and unspecified "declaratory injunctive relief [sic]." Doc. 6 at 4.

2

The Court interprets Plaintiff's Amended Compliant to allege the following claims: (1) false arrest (Count 1); (2) illegal search of Plaintiff's truck (Count 1); (3) illegal search of Plaintiff's person by exposing him (Count 1); (4) illegal search of Plaintiff's cell phone (Count 2); (5) unlawful imprisonment (Counts 1 and 3); (6) malicious prosecution (Count 3); (7) First Amendment violation for denial of media access (Count 1); and (8) conspiracy (all counts).

Public records from the Alabama Department of Corrections ("ADOC") show that Plaintiff was admitted for incarceration on February 8, 2013. *See* http://www.doc.state.al.us/InmateSearch (last visited June 3, 2022). The same records show that Plaintiff is serving a 30-year prison term for crimes including assault, discharging a gun into an occupied building or vehicle, escape, and murder. *Id.* Plaintiff was sentenced on February 8, 2013, for crimes of assault and discharging a gun into an occupied building or vehicle; on May 12, 2014, for escape; and on November 17, 2017, for murder. *Id.* The Court takes judicial notice of these public records. *See Chinn v. PNC Bank, N.A.*, 451 F. App'x 859, 860 n.1 (11th Cir. 2012) ("A district court may take judicial notice of facts capable of accurate and ready determination by using sources whose accuracy cannot reasonably be questioned, including public records.") (citing Fed. R. Evid. 20(b); *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1260 n.2 (11th Cir. 2006)).

## II.    LEGAL STANDARD

A court must dismiss a complaint if it fails "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

If a plaintiff proceeds IFP, the court must screen his complaint under 28 U.S.C. § 1915(e)(2). *Farese v. Scherer*, 342 F.3d 1223, 1228 (11th Cir. 2003) (per curiam). Under § 1915(e)(2)(B)(i), courts must dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless." *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Likewise, under § 1915(e)(2)(B)(ii), a court must dismiss any IFP action when the prisoner's complaint fails to state a claim for relief. The same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Further, courts hold pro se pleadings to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Yet, a district court is not required to "'rewrite an otherwise deficient pleading in order to sustain an action.'" *Rodriguez v. Scott*, 775 F. App'x 599, 603 (11th Cir. 2019) (per curiam) (quoting *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1169 (11th Cir. 2014)).

Therefore, the Court reviews Plaintiff's Amended Complaint in light of § 1915(e)(2)(B)(ii) and, as such, takes the allegations as true and construes them in the most favorable light. *See Hughes v. Lott*, 350 F.3d 1157, 1159–60 (11th Cir. 2003) (citing *Mitchell*, 112 F.3d at 1490)); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017) (per curiam) (citing *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012)).

4

### III.    DISCUSSION

#### a.  Plaintiff's claims of false arrest, illegal search, and unlawful imprisonment are untimely.

A complaint is subject to dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim if its claims "show that relief is barred by the applicable statute of limitations." *See Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Barcelona v. Fogelgren*, 664 F. App'x 884, 885–86 (11th Cir. 2016) (per curiam) (citing *Gonsalvez v. Celebrity Cruises, Inc.*, 750 F.3d 1195, 1197 (11th Cir. 2013)). "The expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 641 n.2 (11th Cir. 1990) (citation omitted).

Further, "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." *McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted); *see also Dennis v. U.S. Dep't of Just.*, 228 F. App'x 861, 863 (11th Cir. 2007) (per curiam) ("A *Bivens* action is subject to the same statute of limitations that would apply to a complaint brought pursuant to § 1983.") (citing *Kelly v. Serna*, 87 F.3d 1235, 1238 (11th Cir. 1996)). The governing-limitations period in Alabama is two years. *McNair*, 515 F.3d at 1173 (citations omitted). Generally, the limitations period "begins to run from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261 (11th Cir. 2003) (per curiam) (citation and internal quotation marks omitted). The statute of limitations for false arrest and unlawful imprisonment

claims begins to run at "the time the claimant becomes detained pursuant to legal process." *See Wallace v. Kato*, 549 U.S. 384, 388–92, 397 (2007); *Shepherd v. Wilson*, 663 F. App'x 813, 817 (11th Cir. 2016) (citation omitted). The statute of limitations for Fourth Amendment illegal search claims usually begins to run when the illegal search took place or when the plaintiff has knowledge of the search. *See Ealy v. Little*, No. 1:09-CV-677-TMH, 2009 WL 4829015, at *1, *2–3 (M.D. Ala. Dec. 9, 2009); *see also Hayward v. Lee Cnty. Sheriff's Off.*, No. 214CV244FTM29MRM, 2017 WL 2834771, at *1, *3 (M.D. Fla. June 30, 2017).[2]

Here, Plaintiff's claims for false arrest, unlawful imprisonment, and illegal search are untimely. Plaintiff does not state on what day he was detained following his arrest on February 8, 2013. Nor does Plaintiff allege on what date the state law enforcement officers pinged his cell phone. However, Plaintiff's Amended Complaint and the ADOC records confirm that these events would have occurred no later than November 17, 2017—the date that Plaintiff was sentenced for murder. Hence, Plaintiff was certainly detained and had knowledge of the alleged illegal search by November 17, 2017. *See Salas v. Pierce*, 297 F. App'x 874, 877–78 (11th Cir. 2008) (per curiam) ("With regard to [the plaintiff's] claims that the police arrested him without probable cause, . . . the facts supporting these claims should have been apparent to [him] on or before the date he was sentenced[.]" (citation omitted)). Plaintiff brought this action on February 3, 2022—over four years later. Consequently, these claims are untimely.

---

[2] Although the Court recognizes these opinions are not binding authority, the Court finds their analyses of similar issues persuasive.

Plaintiff contends that he did not "know he could seek a judicial remedy until October 7[], 2020," when the "circuit clerk" informed him "that there never was a warrant for them to arrest [him] or ping [his] cell phon[e] or [] look through [his] truck and take [his] cloth[es] off of [him] in public." Doc. 5 at 1; Doc. 5-1 at 1. Thus, he contends that his amended complaint is timely pursuant to the "continuing tort doctrine." Doc. 5 at 1. This argument is unavailing. As discussed, when read in conjunction with the ADOC records, Plaintiff's Amended Complaint shows that he became detained and knew of the facts giving rise to the claims at issue by November 2017. By that date, a person with a reasonably prudent regard for his rights should have known that he could have raised these claims. Notably, Plaintiff alleges that, starting in February 2013, he wrote the clerk "five times a month for ten years asking for a copy of the warrant because [he] was not served [with] a copy when they picked [him] up." Doc. 5-1 at 1. By November 2017, after nearly five years of unsuccessful efforts to obtain the warrant, Plaintiff should have been able to conclude that it did not exist. In other words, assuming that asserting the claims at issue depended on *awareness* that the agents lacked a warrant, Plaintiff's own allegations show that he should have had this awareness by November 2017.

Further, Plaintiff's reference to the continuing tort doctrine is inapposite because his allegations do not involve "the repeated actions of the defendants combin[ing] to create a single cause of action in tort." *See Trondheim Cap. Partners LP v. Life Ins. Co. of Ala.*, No. 4:19-CV-1413-KOB, 2022 WL 893542, at *23 (N.D. Ala. Mar. 25, 2022) (citation and

internal quotation marks omitted).[3] By contrast, Plaintiff alleges that he repeatedly asked the clerk whether the warrant existed without success. However, the clerk's alleged failure to tell Plaintiff that the warrant did not exist is not the factual basis of the claims at issue. Rather, Plaintiff's claims center on the allegation that the agents carried out a warrantless arrest and searches—discrete acts from February 2013. Plaintiff's conclusory allegation that his amended complaint "center[s] around conspiracy" does not supply a sufficient factual link between the clerk's and agents' ostensibly distinct actions. *See* Doc. 5 at 2; *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("A complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." (citation omitted)). Accordingly, Plaintiff has not adequately alleged that the continuing tort doctrine applies.

Therefore, Plaintiff's claims for false arrest, illegal search, and unlawful imprisonment are time-barred.[4] Under § 1915(e)(2)(B)(ii), these claims are subject to dismissal. *Jones*, 549 U.S. at 214; *Barcelona*, 664 F. App'x at 885–86 (citation omitted).

### b. Plaintiff's First Amendment claim is meritless.

Plaintiff asserts a First Amendment claim based on Defendants' alleged refusal to allow him to talk to the media during his arrest. *See* Doc. 6 at 2–3. However, Plaintiff does not provide any further allegations to support this claim. *See id.* at 3. The Court could not find any authority, controlling or otherwise, holding that a criminal suspect has a right to

---

[3] While this opinion is not binding authority, the Court finds its discussion of Alabama law persuasive.

[4] That some of the Defendants are John-Doe agents does not preclude application of the statute of limitations. *See McKenzie v. U.S. Dep't of Just., Drug Enf't Agency*, 143 F. App'x 165, 168 (11th Cir. 2005) (per curiam).

talk to the media during his arrest. Furthermore, Plaintiff's First Amendment claim amounts to a "[t]hreadbare recital[] . . . of a cause of action, supported by mere conclusory [factual] statements" that does not state a facially plausible civil rights claim. *See Iqbal*, 556 U.S. at 678. Although the Court holds Plaintiff to a less-stringent standard, it is not required to rewrite his deficient pleading. *Haines*, 404 U.S. at 520. As pleaded, Plaintiff's First Amendment claim is not viable and should be dismissed.

### c.  Plaintiff's malicious prosecution claim fails because he did not show that the prosecution terminated in his favor.

To state a claim for malicious prosecution under § 1983 or *Bivens*, a plaintiff must allege that defendants "instituted or continued a criminal prosecution against him, with malice and without probable cause, that *terminated in his favor* and caused damage to him." *See Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020) (emphasis added) (citation and internal quotation marks omitted); *see also Uboh v. Reno*, 141 F.3d 1000, 1004 (11th Cir. 1998) (malicious prosecution claim may be brought under *Bivens*), *abrogated in part on other grounds as stated in Aguirre*, 965 F.3d at 1159.

Here, Plaintiff has not alleged that his criminal prosecution terminated in his favor, and the ADOC records show that it was not. Therefore, he has not stated a cognizable claim for malicious prosecution, and dismissal is appropriate. *Williams*, 965 F.3d at 1157; *Uboh*, 141 F.3d at 1004.

### d.  Plaintiff's conspiracy claim fails because the underlying federal claims are not viable.

"A plaintiff may state a § 1983 claim for conspiracy to violate constitutional rights by showing a conspiracy existed that resulted in the actual denial of some underlying

constitutional right." *Grider v. City of Auburn, Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010) (citation omitted). However, "[i]n the absence of any viable underlying federal claim, it is axiomatic that [a plaintiff has] no plausible § 1983 federal civil conspiracy count." *Shuler v. Duke*, No. 2:16-CV-0501-VEH, 2018 WL 2445685, at *1, *9 (N.D. Ala. May 31, 2018) (citations omitted), *aff'd*, 792 F. App'x 697 (11th Cir. 2019). Furthermore, "[a] complaint may justifiably be dismissed because of the conclusory, vague and general nature of the allegations of conspiracy." *Fullman*, 739 F.2d at 557.

In a conclusory fashion, Plaintiff alleges that Defendants conspired to violate his federal rights. *See* Doc. 6 at 2–3; Doc. 5-1 at 2. However, as explained above, Plaintiff's underlying federal claims fail. Consequently, his conspiracy claim is not viable. *Grider*, 618 F.3d at 1260. Furthermore, even if Plaintiff had pleaded a viable underlying federal claim, his allegations of conspiracy are vague and conclusory, subjecting them to dismissal. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678 (citations omitted). Thus, he has not adequately pleaded that Defendants conspired to violate his federal rights. As such, dismissal is appropriate.

## IV.   CONCLUSION

Accordingly, the Magistrate Judge RECOMMENDS the following:

1.     Plaintiff's Amended Complaint (Doc. 6) be DISMISSED prior to service under 28 U.S.C § 1915(e)(2)(B)(i)–(ii);

2.     Plaintiff's claims of false arrest, illegal search, and unlawful imprisonment be dismissed with prejudice under § 1915(e)(2)(B)(i)–(ii);

3.    Plaintiff's First Amendment claim be dismissed without prejudice but without leave to amend under § 1915(e)(ii);

4.    Plaintiff's malicious prosecution claim be dismissed with prejudice under § 1915(e)(2)(B)(ii);

5.    Plaintiff's conspiracy claim be dismissed without prejudice but without leave to amend under § 1915(e)(2)(B)(ii).

The Magistrate Judge also RECOMMENDS that this case be CLOSED.

Further, it is ORDERED that the parties may file any objections to this Recommendation by **June 21, 2022.** A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the magistrate judge's findings and recommendations under 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the district court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the district court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 7th day of June, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE

11