IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| DANNY FOSTER, SR., ) | |
| ) | |
|     Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
|     v. ) | 2:22cv69-MHT |
| ) | (WO) |
| WILLIAM M. GUILLOU, et ) | |
| al., ) | |
| ) | |
|     Defendants. ) | |

OPINION

Pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents of Federal Bureau,* 403 U.S. 388 (1971), plaintiff, an inmate, filed this lawsuit asserting that he suffered a false arrest, an illegal search, and other constitutional violations at the hands of defendants. This lawsuit is now before the court on the recommendation of the United States Magistrate Judge that plaintiff's case be dismissed. Also before the court are plaintiff's objections to the recommendation. After an independent and de novo review of the record, the court concludes that

plaintiff's objections should be overruled with one exception and the magistrate judge's recommendation adopted.

In his objections to the recommendation, plaintiff contends that the ADOC's records, upon which the recommendation relies in small part, are "incorrect and misleading." *Id.* at 3. He explains that he was convicted of assault and discharging a gun into an occupied building or vehicle in 1996 and submits judicial records to support this assertion. *See* Judicial Record (Doc. 8-3); Randolph County Order (Doc. 8-4). Further, plaintiff states that, shortly after he was sentenced for those offenses, he escaped from the Randolph County, Alabama Jail and remained at large until February 8, 2013, when he was arrested in Florida. *See* Objection (Doc. 8) at 3; Randolph County Order (Doc. 8-4); Broward County Arrest Form (Doc. 8-5). He adds that, on February 11, 2013, a state trial judge in Randolph County illegally ordered him to

start serving his sentences for those offenses. *See* Objection (Doc. 8) at 3; Randolph County Order (Doc. 8-4). He contends that his arrest and ensuing detention were illegal because the agents pinged his cell phone without a warrant. *See* Objection (Doc. 8) at 4–5.

This objection is sustained solely to the extent that the court notices that plaintiff's convictions for assault and discharging a gun into an occupied building or vehicle were entered in 1996. However, this does not change the court's analysis. The magistrate judge determined that plaintiff would have known of the facts necessary to assert his false arrest, unlawful imprisonment, and illegal search claims no later than November 17, 2017--the date on which he was sentenced for murder and after which he no longer had a pending prosecution in the state trial court. *See* Report and Recommendation (Doc. 7) at 6. Plaintiff's above-discussed clarification of dates does not change this analysis. Thus, this objection is otherwise

3

overruled.

An appropriate judgment will be entered.

DONE, this the 10th day of August, 2022.

                                    /s/ Myron H. Thompson
                                  **UNITED STATES DISTRICT JUDGE**